IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID JOHN LONGWAY,

                Plaintiff,

v.                                                                 ORDER

CAROLYN W. COLVIN,                             13-cv-556-jdp
Acting Commissioner of Social Security,

                Defendant.

Plaintiff David John Longway, through his attorney Dana Duncan, moves the court for an order awarding $13,667.95 in attorney fees under 42 U.S.C. § 406(b). Dkt. 47. The Commissioner does not oppose the motion, Dkt. 48, and the court will award it.

The court already awarded Attorney Duncan $11,500 in fees in this case under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 42. He now asks for 25 percent of the past due benefits paid to Longway, pursuant to their fee agreement. That amount, $15,144, was subject to offset from the $11,500 EAJA award, $10,023.95 of which was already seized by the Treasury Department. So Duncan seeks an offset of only the difference, $1,476.05, leaving an award of $13,667.95.

The court is responsible for determining whether the fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002). When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor

required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, at 979, 983 (7th Cir. 1989)).

In this case, Attorney Duncan represents that he spent 33.7 total hours litigating Longway's case before this court (11.5 hours in attorney time and 22.2 hours in paralegal and administrative time). Dkt. 44-5. Duncan thoroughly briefed a motion for summary judgment and provided good arguments in support of remand. And Duncan obtained favorable results for Longway. Duncan's requested contingency fee is equivalent to an attorney compensation rate of approximately $405 per hour ($13,667.95 for 33.7 hours of work). However, the court will not discount the fee just because it will compensate an attorney at a higher than usual hourly rate.

Contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding a fee consistent with the parties' agreement incentivizes attorneys to represent social security claimants. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. For these reasons, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases).

Because Duncan skillfully litigated Longway's case and obtained favorable results, and because the contingent fee agreement supports the requested award, the court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d

657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

ORDER

IT IS ORDERED that plaintiff David John Longway's motion for attorney fees in the amount of $13,667.95, Dkt. 47, is GRANTED.

Entered July 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge